UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEONARDO C. MARIANO,

    Plaintiff,

v.

KING COUNTY ELECTIONS OFFICE,

    Defendant.

CASE NO. C04-1670RSM

MEMORANDUM ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

This matter comes before the Court on defendant's Motion for Summary Judgment. (Dkt. #31), and plaintiff's Cross-Motion for Summary Judgment. (Dkt. #42). Defendant argues that plaintiff has failed to establish a *prima facie* case of employment discrimination based on age or race, and therefore, summary judgment is appropriate. Plaintiff argues that he has established a *prima facie* case, and in fact has proven discrimination, and therefore asks that this Court grant summary judgment in his favor.[1] For the reasons set forth below, the Court agrees

---

[1] Plaintiff's position on summary judgment has been somewhat confusing. In his response to defendant's motion, he asserts that genuine issues of material fact exist, and therefore, summary judgment

ORDER
PAGE - 1

with defendants and GRANTS their motion for summary judgment.

## BACKGROUND

On September 8, 2004, plaintiff filed an Employment Discrimination Complaint in this Court, alleging that in 2003, defendant did not hire him to work during the primary and regular elections being held that year, "despite a) his 5-year work at the Absentee Ballots Section of the King County Election Office, b) performance rating of excellent given by former supervisors, c) three college degrees and d) computer literate." (Dkt. #6 at 4). Plaintiff further alleged that defendant had hired ten applicants with fewer qualifications than he had, and with less experience. (Dkt. #6 at 4). Finally, plaintiff alleged that he was discriminated against "upon grounds of race and age." (Dkt. #6 at 4). He asks for lost wages for not being hired during the 2003 election season, and for psychological damages to be determined by the Court. (Dkt. #6 at 5). This appears to be the fifth employment discrimination and/or civil rights action filed in this Court by plaintiff in the last seven years. (*See* Case Nos. C98-1217MJP, C01-1358TSZ, C02-0629BJR and C04-0528JCC). The previous suits did not involve the same defendant as the instant suit.

On November 22, 2004, defendant filed its Answer, admitting that plaintiff had been previously employed by the King County Elections Office and that he had not been rehired in 2003, admitting that it hired ten applicants who had less experience than plaintiff but were not less qualified, denying that plaintiff had ever been given any performance rating by his former supervisors, and denying any discrimination against plaintiff based on his age or race. (Dkt. #10).

On February 4, 2005, plaintiff moved to add his wife as a co-plaintiff in this action.

---

is not appropriate. He also asks for further discovery under Rule 56(f) of the Federal Rules of Civil Procedure. He subsequently appears to concede that no factual issues remain, and therefore, summary judgment in his favor is now required. Therefore, the Court presumes that plaintiff has also withdrawn his request for further factual discovery, and will not address that issue.

(Dkt. #15). The Court subsequently granted plaintiff's motion and ordered him to file a Second Amended Complaint, naming Mrs. Mariano as a plaintiff, and setting forth her specific allegations against defendant. (Dkt. #17). However, plaintiff failed to file a second amended complaint, and therefore, Mrs. Mariano is not a proper plaintiff in this case, nor are any of her claims properly before this Court.

On October 31, 2005, defendants filed the instant motion for summary judgement. (Dkt. #31). Plaintiff then filed a Cross-Motion for Summary Judgment. (Dkt. #42). Plaintiff subsequently filed a separate response to defendant's motion for summary judgment. (Dkt. #52). Defendant responded to plaintiff's cross-motion for summary judgment, and both parties then filed replies in support of their respective motions.

## **DISCUSSION**

### A. Summary Judgment Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Material facts are

those which might affect the outcome of the suit under governing law. *See id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).

In the employment discrimination context, summary judgment is appropriate when an employee has failed to make out a *prima facie* case of discrimination. *Hiatt v. Walker Chevrolet Co.*, 120 Wn.2d 57, 66 (1992); *Domingo v. Boeing Employees Credit Union*, 124 Wn. App. 71, 77-78 (2004).

### B. Disparate Hiring Treatment

To prevail on his claim of disparate hiring treatment, plaintiff must prove that defendant's actions were motivated by intentional discrimination. *Washington v. Garrett*, 10 F.3d 1421, 1432 (9th Cir. 1993). Absent any direct evidence of discrimination, the U.S. Supreme Court has determined that discrimination claims are subject to a two-part, burden-shifting test. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973); *Fragante v. Honolulu*, 888 F.2d 591, 595 (9th Cir. 1989) (setting forth the elements of a disparate treatment claim). Under *McDonnell Douglas*, plaintiff must first establish a *prima facie* case of intentional discrimination. *McDonnell Douglas*, 411 U.S. at 802-03; *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994). This can be accomplished by showing "(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications. *McDonnell Douglas*, 411 U.S. at 802. If plaintiff can make such a case, then defendants are required to present a legitimate, non-discriminatory reason for the employment decision. *McDonnel Douglas*, 411 U.S. at 802-03.

Once defendants have satisfied their burden, "plaintiff must demonstrate that the

ORDER
PAGE - 4

employer's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory" in order to prevail. *Brooks v. City of San* Mateo, 229 F.3d 917, 928 (9th Cir. 2000); *Wallis*, 26 F.3d at 889. Plaintiff must present specific and substantial evidence to overcome the employer's articulated legitimate reason. *Godwin v. Hunt Wesson Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998).

In the instant case, plaintiff has failed to establish a *prima facie* case of intentional discrimination. While defendant concedes that plaintiff can establish he is a member of two protected classes based on both his race and age, defendant argues that he has met none of the other elements establishing a *prima facie* case. The Court agrees.

Plaintiff has completely failed to show that others who were similarly situated, but not members of a protected class, were treated better than he was. Of the temporary elections workers that were hired in 2003, the average age was 47. Ninety workers were over the age of 50, fifty-five workers were over the age of 60, twenty-three workers were over the age of 70, and one worker was over the age of 80. In addition, almost one-third of those hired identified themselves as Asian American, American Indian, African American or Hispanic.

Plaintiff argues that he should not be compared to the entire group of persons hired for the 2003 election season, but rather only to those workers assigned to the job of tabulator, because he only requested to be hired as a tabulator. He has engaged in a lengthy analysis of who those specific workers might be, and attempts to demonstrate that he has more extensive experience and qualifications than those workers. However, the Court finds plaintiff's analysis misguided.

In 2003, the King County Elections Office was hiring for the position of temporary-seasonal elections worker, not for specific positions of "tabulator," as they had apparently done in the past. The temporary elections worker position encompassed a variety of duties, including staffing phone banks, processing incoming voter registration, preparing materials for election

ORDER
PAGE - 5

day distribution, and processing incoming mail ballots. In his deposition, plaintiff himself admitted that he had experience only with processing incoming ballots. In addition, the job application asked each candidate to provide a self-evaluation of 18 different skill areas, of which plaintiff indicated he had experience in only two of those areas. Plaintiff fails to address how those workers who were hired compared to him in those skill areas. Instead, plaintiff focuses on 17 hired workers who were apparently later assigned to both "tabulator" and "opener" duties, and argues that they were all less qualified than himself. He bases that argument on the number of years of past election worker experience, and their level of education. However, plaintiff ignores the fact that neither past experience nor any certain level of education were requirements of the job. Moreover, plaintiff also fails to address whether any of those workers were part of a protected class based on either their race or age, or whether they were all Caucasians younger than himself. Thus, even assuming plaintiff correctly identified workers that were comparable to himself, he has not demonstrated any inference of discrimination based on race or age – the gravaman of his Complaint.

In addition, plaintiff has asked the Court to engage in an impermissible analysis of the weight and credibility of his presented evidence. As noted above, in ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter. *Crane*, *supra*.

While plaintiff may believe that he is more experienced and more qualified as a temporary elections worker than any of the workers actually hired in 2003, his bald assertions and subjective conclusions cannot defeat defendant's motion for summary judgment. Without any evidence, direct or circumstantial, that defendant treated others who were similarly situated, but not members of a protected class, better than plaintiff, the Court simply cannot conclude that plaintiff has demonstrated a *prima facie* case of discrimination.

Because the Court has found that plaintiff has not made out a *prima facie* case of discrimination, it is not necessary to address the next steps of the *McDonnell Douglas* test.

Accordingly, the Court denies plaintiff's claims, and finds that defendants are entitled to judgment as a matter of law.

### **CONCLUSION**

Having considered the parties' motions for summary judgment, the briefs, declarations and evidence in support thereof, as well as the remainder of the record, the Court hereby ORDERS:

(1) Defendant's Motion for Summary Judgment (Dkt. #31) is GRANTED, and plaintiff's claims are DISMISSED with prejudice. This case is now CLOSED.

(2) Plaintiff's Cross-Motion for Summary Judgment (Dkt. #42) is DENIED.

(3) The Clerk shall forward a copy of this Memorandum Order to plaintiff and to all counsel of record.

DATED this _3_ day of January, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE